IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CISCO SYSTEMS, INC.,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　　)　C.A. No. _____
　　　　　　　　　　　　　　　　　　　)
SYNQOR, INC.,　　　　　　　　　　　　)　JURY TRIAL DEMANDED
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendant.　　　　　 )

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Cisco Systems, Inc. ("Cisco") files this Complaint for Declaratory Judgment against Defendant SynQor, Inc. ("SynQor") and alleges as follows:

## PARTIES

1.　　　Cisco is a California corporation with its principal place of business on Tasman Drive in San Jose, CA 95134.

2.　　　On information and belief, Defendant SynQor is a Delaware corporation with its principal place of business at 155 Swanson Road, Boxborough, MA 01719 and is doing business in the State of Delaware.  SynQor is identified as the assignee of issued United States Patent No. 7,072,190 ("the '190 Patent"), United States Patent No. 7,269,034 ("the '034 Patent"), United States Patent No. 7,272,021 ("the '021 Patent"), United States Patent No. 7,558,083 ("the '083 Patent), and United States Patent No. 7,564,702 ("the '702 Patent") (collectively, "the Patents-in-Suit").  SynQor may be served with process by service on its registered agent, The Corporation Trust Company at 1209 Orange Street, Wilmington, DE 19801.

## JURISDICTION AND VENUE

3.      This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq.*, seeking a declaration that no valid claim of the '190 Patent, the '034 Patent, the '021 Patent, the '083 Patent, or the '702 Patent is infringed by Cisco.  A substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.   Accordingly, subject matter jurisdiction of this Court exists under the Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over SynQor in this action.  SynQor is incorporated in the State of Delaware.  SynQor also does business in the State of Delaware.

5.      Venue in the District of Delaware is proper under 28 U.S.C. §§ 1391 (b) and (c).

## EXISTENCE OF AN ACTUAL CONTROVERSY

6.      SynQor identifies itself as the owner of the Patents-in-Suit.  The '190 Patent is entitled "*High Efficiency Power Converter*," and a copy is attached as Exhibit "A."  The '190 Patent was issued by the United States Patent and Trademark Office ("USPTO") on July 4, 2006.  The '034 Patent is entitled "*High Efficiency Power Converter*," and a copy is attached as Exhibit "B."  The '034 Patent was issued by the USPTO on September 11, 2007.  The '021 Patent is entitled "*Power Converter with Isolated and Regulated Stages*," and a copy is attached as Exhibit "C."  The '021 Patent was issued by the USPTO on September 18, 2007.  The '083 Patent is entitled "*High Efficiency Power Converter*," and a copy is attached as Exhibit "D."  The '083 Patent was issued by the USPTO on July 7, 2009.   The '702 Patent is entitled "*High*

*Efficiency Power Converter*," and a copy is attached as Exhibit "E."   The '702 Patent was issued by the USPTO on July 21, 2009.

7.     Cisco provides networking solutions and services to, among others, global telecommunications providers, state and federal governmental entities, cable service operators, large and small commercial enterprises, and to consumers.   More than 200 of Cisco's products include unregulated bus converters and semi-regulated bus converters supplied to Cisco by companies such as Artesyn Technologies, Inc., Astec America, Inc., Emerson Network Power, Inc., Emerson Electric Co., Bel Fuse Inc., Cherokee International Corp., Delta Electronics, Inc., Delta Products Corp., Murata Electronics North America, Inc., Murata Manufacturing Co., Inc., Power-One, Inc., Tyco Electronics Corp., Tyco Electronics Ltd., Tyco Electronics Power Systems, Inc., Lineage Power Corporation, Murata Power Solutions Inc., and Ericsson Inc.

8.     For the reasons set forth more fully in Paragraphs 9 and 10 below, Cisco has a reasonable apprehension that SynQor will assert against it a claim that the systems or services supplied by Cisco infringe the Patents-in-Suit.

9.     SynQor previously filed a lawsuit against a number of Cisco's suppliers of bus converters, captioned *SynQor, Inc. v. Artesyn Technologies, Inc., et al.*, case no. 2:07-cv-00497-TJW-CE in the United States District Court for the Eastern District of Texas (the "Lawsuit").   In the Lawsuit, SynQor claimed that certain offerings of Cisco's suppliers infringed the Patents-in-Suit.   In particular, SynQor alleged that Cisco's suppliers were indirect infringers, and that Cisco and other customers of these suppliers were the direct infringers, of many of the claims of the Patents-in-Suit it asserted in that lawsuit.   Portions of that Lawsuit currently are on appeal to the Federal Circuit.   Cisco was not a party to that lawsuit.

10.     On January 20, 2011, SynQor alleged to the Texas court that Cisco was intending to infringe the Patents-in-Suit on an ongoing basis based on purchases of products from entities that were not defendants in that lawsuit, including Ericsson Inc. ("Ericsson").

## BACKGROUND FACTS

11.     Cisco believes and alleges that it does not infringe any of the Patents-in-Suit, as properly construed.

12.     Cisco believes and alleges that each of the Patents-in-Suit is invalid.  Each of the Patents-in-Suit is the subject of a pending inter partes reexamination.

13.     A request for reexamination of the '190 Patent was filed on August 19, 2009 as Application No. 95/001,207.  The USPTO issued an order granting reexamination on November 13, 2009.  A copy of the reexamination order is attached as Exhibit "F."  The USPTO issued an action that substantively rejected the claims of Application No. 95/001,207 on April 13, 2010.  A copy of the office action is attached as Exhibit "G."

14.     A request for reexamination of the '034 Patent was filed on November 16, 2010 as Application No. 95/001,491.  The USPTO issued an order granting reexamination on December 16, 2010.  A copy of the reexamination order is attached as Exhibit "H."

15.     A request for reexamination of the '021 Patent was filed on August 19, 2009 as Application No. 95/001,206.  The USPTO issued an order granting reexamination on October 15, 2009.  A copy of the reexamination order is attached as Exhibit "I."  The USPTO issued an action that substantively rejected the claims of Application No. 95/001,206 on March 5, 2010.  A copy of the office action is attached as Exhibit "J."

16.     A request for reexamination of the '083 Patent was filed on July 23, 2010 as Application No. 95/001,405.  The USPTO issued an order granting reexamination on October 19, 2010.  A copy of the reexamination order is attached as Exhibit "K."

17.     A request for reexamination of the '702 Patent was filed on July 23, 2010 as Application No. 95/001,406.  The USPTO issued an order granting reexamination on October 19, 2010.  A copy of the reexamination order is attached as Exhibit "L."

18.     Cisco believes and asserts that it does not infringe any valid claim of the Patents-in-Suit.

## REQUESTS FOR DECLARATORY JUDGMENT

### COUNT I
### U.S. Patent No. 7,072,190

19.     Cisco incorporates by reference Paragraphs 1 through 18 as if fully set forth herein.

20.     Cisco has a reasonable apprehension that SynQor will initiate litigation asserting a claim that systems or services offered for sale and sold by Cisco that contain or implement systems supplied to Cisco by its suppliers infringe the '190 Patent.

21.     By reason of the foregoing facts, a ripe and justiciable controversy exists between the parties regarding whether the '190 Patent is valid, and whether Cisco infringes any valid claim of that patent.

22.     Declaratory relief is necessary and appropriate in this case because the Court's judgment on the issues of patent invalidity and non-infringement will afford Cisco relief from the uncertainty and controversy surrounding SynQor's intent to file a patent infringement lawsuit.

23.     Accordingly, Cisco asks the Court to declare that each and every claim of the '190 Patent is invalid and not infringed.

24.     Cisco is entitled to an award of costs and expenses, including reasonable attorneys fees, to be assessed against SynQor in accordance with 35 U.S.C. § 285.

## COUNT II
## U.S. Patent No. 7,269,034

25.     Cisco incorporates by reference Paragraphs 1 through 24 as if fully set forth herein.

26.     Cisco has a reasonable apprehension that SynQor will initiate litigation asserting a claim that systems or services offered for sale and sold by Cisco that contain or implement systems supplied to Cisco by its suppliers infringe the '034 Patent.

27.     By reason of the foregoing facts, a ripe and justiciable controversy exists between the parties regarding whether the '034 Patent is valid, and whether Cisco infringes any valid claim of that patent.

28.     Declaratory relief is necessary and appropriate in this case because the Court's judgment on the issues of patent invalidity and non-infringement will afford Cisco relief from the uncertainty and controversy surrounding SynQor's intent to file a patent infringement lawsuit.

29.     Accordingly, Cisco asks the Court to declare that each and every claim of the '034 Patent is invalid and not infringed.

30.     Cisco is entitled to an award of costs and expenses, including reasonable attorneys fees, to be assessed against SynQor in accordance with 35 U.S.C. § 285.

## COUNT III
## U.S. Patent No. 7,272,021

31.     Cisco incorporates by reference Paragraphs 1 through 30 as if fully set forth herein.

32.     Cisco has a reasonable apprehension that SynQor will initiate litigation asserting a claim that systems or services offered for sale and sold by Cisco that contain or implement systems supplied to Cisco by its suppliers infringe the '021 Patent.

33.     By reason of the foregoing facts, a ripe and justiciable controversy exists between the parties regarding whether the '021 Patent is valid, and whether Cisco infringes any valid claim of that patent.

34.     Declaratory relief is necessary and appropriate in this case because the Court's judgment on the issues of patent invalidity and non-infringement will afford Cisco relief from the uncertainty and controversy surrounding SynQor's intent to file a patent infringement lawsuit.

35.     Accordingly, Cisco asks the Court to declare that each and every claim of the '021 Patent is invalid and not infringed.

36.     Cisco is entitled to an award of costs and expenses, including reasonable attorneys fees, to be assessed against SynQor in accordance with 35 U.S.C. § 285.

## COUNT IV
## U.S. Patent No. 7,558,083

37.     Cisco incorporates by reference Paragraphs 1 through 36 as if fully set forth herein.

38.     Cisco has a reasonable apprehension that SynQor will initiate litigation asserting a claim that systems or services offered for sale and sold by Cisco that contain or implement systems supplied to Cisco by its suppliers infringe the '083 Patent.

39.     By reason of the foregoing facts, a ripe and justiciable controversy exists between the parties regarding whether the '083 Patent is valid, and whether Cisco infringes any valid claim of that patent.

40.     Declaratory relief is necessary and appropriate in this case because the Court's judgment on the issues of patent invalidity and non-infringement will afford Cisco relief from the uncertainty and controversy surrounding SynQor's intent to file a patent infringement lawsuit.

41.     Accordingly, Cisco asks the Court to declare that each and every claim of the '083 Patent is invalid and not infringed.

42.     Cisco is entitled to an award of costs and expenses, including reasonable attorneys fees, to be assessed against SynQor in accordance with 35 U.S.C. § 285.

**COUNT V**
**U.S. Patent No. 7,564,702**

43.     Cisco incorporates by reference Paragraphs 1 through 42 as if fully set forth herein.

44.     Cisco has a reasonable apprehension that SynQor will initiate litigation asserting a claim that systems or services offered for sale and sold by Cisco that contain or implement systems supplied to Cisco by its suppliers infringe the '702 Patent.

45.     By reason of the foregoing facts, a ripe and justiciable controversy exists between the parties regarding whether the '702 Patent is valid, and whether Cisco infringes any valid claim of that patent.

46.     Declaratory relief is necessary and appropriate in this case because the Court's judgment on the issues of patent invalidity and non-infringement will afford Cisco relief from the uncertainty and controversy surrounding SynQor's intent to file a patent infringement lawsuit.

47.     Accordingly, Cisco asks the Court to declare that each and every claim of the '702 Patent is invalid and not infringed.

48.     Cisco is entitled to an award of costs and expenses, including reasonable attorneys fees, to be assessed against SynQor in accordance with 35 U.S.C. § 285.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff Cisco respectfully requests that this Court enter judgment in its favor and against SynQor:

A.      A declaration that all claims of the Patents-in-Suit are invalid;

B.      A declaration that Cisco does not infringe any of the claims of the Patents-in-Suit;

C.      A declaration that Defendant SynQor and each of its officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or initiating any action against Cisco or its suppliers claiming that the Patents-in-Suit are valid or infringed, or from representing that systems or services of Cisco infringe the Patents-in-Suit;

D.      An award to Cisco of its costs and expenses, including reasonable attorneys fees, in accordance with the provisions of 35 U.S.C. § 285 or other statutes; and,

E.      An award to Cisco of any other relief, in law and in equity, to which the Court finds that Cisco is justly entitled.

## DEMAND FOR JURY TRIAL

Cisco demands trial by jury for all claims triable by jury pursuant to Fed. R. Civ.

P. 38.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)
Ramy E. Hanna (#5495)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rhanna@mnat.com

*Attorneys for Cisco Systems, Inc.*

January 26, 2011