IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CISCO SYSTEMS, INC.            :          CIVIL ACTION
                                 :
         v.               :
                                 :
SYNQOR, INC.                :          NO. 11-86

MEMORANDUM

Bartle, C.J.                                  April 1, 2011

      Cisco Systems, Inc. ("Cisco") filed this declaratory
judgment action against SynQor, Inc. ("SynQor") in which it seeks
a declaration that Cisco's products do not infringe any valid
claim of five United States patents assigned to SynQor.  Before
the court is Cisco's motion to enjoin SynQor from prosecuting a
patent infringement suit that SynQor filed in the United States
District Court for the Eastern District of Texas.  Also before
the court is SynQor's motion to dismiss Cisco's complaint, or in
the alternative, to transfer this case to the Eastern District of
Texas or to stay it.

I.

      In 2007, SynQor filed a patent infringement action in
the Eastern District of Texas against eleven defendants that
supply unregulated and semi-regulated bus converters to Cisco.
SynQor, Inc. v. Artesyn Tech., Inc., Case No. 2:07-497 (E.D.
Tex.) ("SynQor I").  SynQor alleged, and a jury ultimately found,
that the defendants in SynQor I indirectly infringed five patents

assigned to SynQor: U.S. Patent Nos. 7,072,190; 7,269,034;
7,272,021; 7,558,083; and 7,564,702.

While presiding over SynQor I, Judge T. John Ward
entered a 58-page Markman Memorandum Opinion and Order, decided
eleven summary judgment motions, presided over a seven-day trial
and a two-day permanent injunction hearing, and issued a twenty-
page injunction order.  In his order granting SynQor a permanent
injunction against the SynQor I defendants, Judge Ward declined
to grant a request from the defendants that the injunction's
effective date be delayed so that Cisco could find an alternate
supplier.[1]  SynQor I, Case No. 07-497, slip op. at 15-16 (E.D.
Tex. Jan. 24, 2011).  While Cisco was not a party in SynQor I, it
executed a joint defense agreement with the defendants and Cisco
representatives testified for the defendants during trial and at
the permanent injunction hearing.  Judge Ward noted that "the
evidence reflects that Cisco made the conscious effort to align
itself with Defendants" and that Cisco did not redirect any sales
to SynQor during the 18 months of litigation.  Id.

Cisco moved the Court of Appeals for the Federal
Circuit to be allowed to intervene in an interlocutory appeal of
the injunction order and sought a stay of the injunction during
the appeal.  The Court of Appeals denied both motions because
"Cisco was aware that this action was pending and was aware of

---

1.  Judge Ward subsequently entered two stays of the permanent
injunction to allow the Court of Appeals for the Federal Circuit
to consider the defendants' motion to stay the injunction order
during the interlocutory appeal.

its interest in the matter but made no effort to intervene in the trial court. SynQor, Inc. v. Artesyn Techs., Inc., Case No. 2011-1191, -1192, -1193, -1194, slip op. at 3 (Fed. Cir. Mar. 3, 2011).

Two days after the entry of the injunction order in SynQor I, Cisco filed this action in which it asked the court to declare that its products do not infringe the same five patents at issue in SynQor I. Two days later, SynQor filed suit in the Eastern District of Texas against Cisco, Ericsson, Inc., and Vicor Corp. alleging that the products of these companies infringe the five patents at issue here and in SynQor I. SynQor Inc. v. Ericsson, Inc., Case No. 2:11-54 (E.D. Tex.) ("Synqor II"). SynQor II has also been assigned to Judge Ward.

Cisco promptly moved this court to enjoin SynQor from prosecuting SynQor II. Cisco simultaneously filed a motion in SynQor II asking Judge Ward to stay SynQor II while this court resolves Cisco's injunction motion. SynQor later moved this court to dismiss this case, or alternatively to either transfer the case to the Eastern District of Texas or to stay this case while SynQor II is litigated.

On March 7, 2011, Judge Ward issued an order in SynQor II denying Cisco's motion for a stay. SynQor II, Case No. 2:11-54, slip op. at 3-5 (E.D. Tex. Mar. 7, 2011).

II.

Cisco argues that because this action was filed before SynQor II, this court "has a duty to enjoin" SynQor from

-3-

prosecuting its later-filed infringement suit in the Eastern District of Texas concerning substantially the same subject matter.  Cisco asserts that under the "first-filed" doctrine, the court first having possession of a controversy is the forum in which the dispute must be adjudicated.

In deciding whether to enjoin a co-pending infringement or declaratory judgment action, we apply the precedent from the Court of Appeals for the Federal Circuit.  Lab. Corp. of Am. Holdings v. Chiron Corp., 384 F.3d 1326, 1329-31 (Fed. Cir. 2004).  Whether the second-filed action should be enjoined is entrusted to the court's discretion after considering the convenience factors under 28 U.S.C. § 1404(a).  Id. at 1331-32; Micron Tech., Inc. v. Mosaid Tech., Inc., 518 F.3d 897, 904 (Fed. Cir. 2008).  As the Federal Circuit explained:  "Instead of relying solely on considerations such as tenuousness of jurisdiction, broadness of case, and degree of vestment, ... or automatically going with the first filed action, the more appropriate analysis takes account of the convenience factors under 28 U.S.C. § 1404(a)."  Micron Tech., 518 F.3d at 904.[2] Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may

---

2.  The court in Micron Technologies was describing the circumstances under which a district court should decline to exercise jurisdiction under the Declaratory Judgment Act in favor of a co-pending infringement suit in another district.  Given the scope of the court's discussion, however, this is a distinction without a difference.

transfer any civil action to any other district or division where it might have been brought."

The Court of Appeals acknowledges that in applying § 1404(a), "the general rule favors the forum of the first-filed action," but that the district courts may "make exceptions to this general rule in the interest of justice or expediency."  Id. In our § 1404(a) analysis, "The convenience and availability of witnesses, absence of jurisdiction over all necessary or desirable parties, possibility of consolidation with related litigation, or considerations relating to the interest of justice must be evaluated to ensure the case receives attention in the most appropriate forum."  Id. 904-05.  It is also clear that the court may consider "judicial efficiencies" as a factor in its analysis.  In re Vistaprint Ltd., 628 F.3d 1342, 1346-47 (Fed. Cir. 2010).

We begin by noting that Judge Ward has invested considerable time and effort in understanding and construing the same five patents at issue in SynQor I, in SynQor II, and in this case.  In fact, Judge Ward stated in his March 7 order that he "is familiar with the five patents, with the industry in which the technology is used, and with Cisco's products.  It would be a waste of judicial resources and an ineffective disposition of the dispute to require the Delaware court to duplicate the substantial efforts of this Court."

Cisco argues that the United States District Court for the District of Delaware has "significant expertise in handling

patent matters." We agree. Nonetheless, Judge Ward possesses far greater expertise with respect to the patents at issue than does any judge in this court. He has devoted countless hours to SynQor I which involves the identical patents and in which he has decided numerous motions and indeed presided over a trial. He is even familiar with Cisco's products. As he aptly commented, it would be an inefficient use of judicial resources not to have this case before him. While Cisco in its briefs asserts that Judge Ward will retire this year, we have no information that he will not in the meantime handle this matter expeditiously. From our limited knowledge of SynQor I, it appears that Judge Ward does not countenance undue delay. We do not see any future retirement on the part of the judge as a compelling factor against transfer.

Cisco has not demonstrated that any potential witness resides in Delaware. On the other hand, Ericsson, Inc., a defendant in SynQor II, does have its headquarters in the Eastern District of Texas. The availability of witnesses weighs slightly in favor of transferring this case.

While this court is able to assert personal jurisdiction over both Cisco and SynQor, the Eastern District of Texas also appears to have jurisdiction over the parties to SynQor II and this case. In addition, there is nothing to indicate that either court will be unable to obtain jurisdiction over a necessary or desirable party. Concerns over jurisdiction do not affect our analysis.

The parties have not presented any other
"considerations relating to the interest of justice."  <u>See</u> <u>Micron</u>
<u>Tech.</u>, 518 F.3d at 904-05.  Thus, under 28 U.S.C. § 1404(a), the
court finds that the relevant factors point in favor of
transferring this case to the Eastern District of Texas.

Accordingly, we will grant the motion of SynQor to
transfer this action to the United States District Court for the
Eastern District of Texas.  The remaining motions are better
decided by the transferee court.